Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. VIERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EASTPOINT RECOVERY GROUP, INC.,<br><br>　　　　Defendant, | Case No. 8:20-cv-01958<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes DAVID M. VIERA ("Plaintiff") by and through the undersigned attorney, complaining as to the conduct of EASTPOINT RECOVERY GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over the age of 18 residing in Santa Ana, California, which is located within the Central District of California.

5. Defendant promotes itself as "a professional receivables and collections management firm."[1] Defendant is a corporation formed under the laws of the State of New York and its principal place of business is located at 1738 Elmwood Avenue, Suite 104, Buffalo, New York 14207. Defendant uses the mail and telephone for the

---

[1] https://eastpointrecoverygroup.com/about/

principal purpose of collecting debts from consumers on a nationwide basis, including consumers in California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## **FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect on a defaulted consumer credit obligation owed originally to PayPal ("subject consumer debt"). The subject consumer debt was incurred for Plaintiff's personal and household use.

8. Defendant acquired the collection rights to the subject consumer debt after Plaintiff defaulted to PayPal.

9. On or around July 2020, Plaintiff began receiving calls to his cellular phone, (714) XXX-8659, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8659. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has also placed phone calls to the Plaintiff's mother on her cellular phone.

12. Upon speaking with Plaintiff's mother, Defendant impermissibly disclosed sensitive information regarding Plaintiff's financial situation, including that he allegedly owed the subject consumer debt.

3

13. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (716) 427-0310 and (716) 200-4911.

14. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

15. Upon answering phone calls from Defendant, Plaintiff has been subjected to harassing and false threats of litigation and garnishment.

16. Defendant's persistent contacts and harassing collection campaign prompted Plaintiff to answer its calls and demand that Defendant stop contacting his cellular phone.

17. Despite Plaintiff's demand, Defendant continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject consumer debt and has left voicemails on Plaintiff cellular phone.

18. In the voicemails, Defendant failed to advise the Plaintiff that it was acting as a debt collector and attempting to collect a debt.

19. Frustrated over Defendant's conduct, Plaintiff spoke with his attorney regarding his rights, resulting in expenses and expended resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered damages, including invasion of privacy, as a result of his mother being told about his financial situation.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies

4

collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. In some situations, Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1), §1692c(b) and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or

5

abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." §1692c(b) further prohibits, "communications with anyone except consumer, consumer's attorney, or credit bureau concerning the debt."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff multiple times after he demanded that it stop calling.  This repeated behavior of systematically calling Plaintiff's cellular phones in spite of his demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

30. Defendant violated §1692c(b) when it placed calls to Plaintiff's mother, impermissibly disclosing sensitive financial information concerning Plaintiff..

31. Defendant was notified by Plaintiff that its actions were not welcomed, yet it continued despite the prompts.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

6

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

> "The representation or implication that nonpayment of any debt will result in arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4).

34. Defendant violated §1692e, e(4), e(10), and e(11) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact him with unwanted collection calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment by subjecting Plaintiff to harassing and false threats of litigation and garnishment. Defendant also acted impermissibly when it failed to give Plaintiff the required disclosures in the voicemails it left on his cellular phone. Defendant failed to advise Plaintiff that it was a debt collector and was attempting to collect on a debt.

    **c. Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by continuously calling Plaintiff multiple times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls and leaving improper voicemails is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.  Additionally the threats that Defendant used towards Plaintiff highlight the intent to collect payment at nearly all cost.

37. As pled in paragraphs 19 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff DAVID M. VIERA, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

40. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

41. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.  Violations of RFDCPA § 1788.10 – 1788.17**

42. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

43. As outlined above, through its continuous attempts to collect upon the subject consumer debt, Defendant violated Cal. Civ. Code § 1788.17 and 15 U.S.C. §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly

represented to Plaintiff that it had the lawful ability to use impermissible collection means against him.

44. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.

WHEREFORE, Plaintiff DAVID M. VIERA, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff to seek payment of the subject consumer debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: October 9, 2020                    Respectfully submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*